IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JAVIER MURILLO,<br><br>　　　　　　Defendant. | 8:18-CR-12<br><br>MEMORANDUM AND ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |

　　　　This matter is before the Court on Defendant Javier Murillo's *pro se* Motion for Reduction of Sentence. Filing 57. Murillo grounds his Motion in 18 U.S.C. § 3582(c)(1)(A) and requests that this Court reduce his aggregate term of imprisonment from 20 years down to 15 years. Filing 57 at 1. The Government submitted a brief opposing Murillo's Motion. Filing 59. It contends that Murillo has "fail[ed] to show he qualifies for the requested release encompassed within § 3582(c)(1)(A)." Filing 59 at 1. For the reasons set forth below, the Court agrees that Murillo is not entitled to the relief he seeks. His Motion is therefore denied.

### I.　　BACKGROUND

　　　　On December 17, 2018, Murillo pleaded guilty to five counts alleging various offenses pursuant to the terms of his plea agreement. Filing 44 (Text Minute Entry). Specifically, Murillo pleaded guilty to the following: two different counts alleging that he distributed a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) (Counts II and IV); two different counts alleging possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Counts III and V); and one count of possessing with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) (Count VI). Filing

1

20 at 1–3; Filing 54 at 1. Pursuant to his plea agreement, the Government agreed to dismiss Counts I, VII, and VIII of the Indictment as well as the forfeiture allegation in the Indictment. Filing 44 at 1; Filing 54 at 1. On March 25, 2019, the Court sentenced Murillo to a total term of 240 months imprisonment. Filing 54 at 1–2.[1] The Court specified that Murillo was "to be imprisoned for a term of one hundred (120) months on counts II, IV, and VI, to be served concurrent; sixty (60) months on count III, to be served consecutive with all other counts and sixty (60) months on count V, to be served consecutive to all other counts." Filing 54 at 2. A little over four and a half years after he was sentenced, Murillo filed the pending Motion. Filing 59.

## II.  LEGAL ANALYSIS

### A.  The Government Has Not "Properly Raised" an Exhaustion Argument

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). Under the plain terms of the statute, prisoners may bring motions for compassionate release on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)).

Murillo asserts in his Motion that he "submitted a notice and request to the Warden of his institution for Compassionate Release on August 25, 2023, alleging rehabilitation, changes in law, and disparity in sentencing." Filing 57 at 2. Along with his Motion he attached a seven-page

---

[1] Senior Judge Laurie Smith Camp sentenced Murillo. After her passing, this case was reassigned to the undersigned judge for disposition. Filing 58.

document that he captions, "Exhibit A." Filing 57 at 18–26. This attachment would, indeed, appear to be a petition addressed to the Warden of Murillo's carceral facility requesting compassionate release as described in Murillo's Motion. *See generally* Filing 57 at 19–26. Murillo contends that because he filed his Motion after 30 days lapsed "from the Warden's receipt of [his] request for compassionate release," this Court can consider his Motion. Filing 57 at 2. For its part, the Government notes "[t]here is no notary or other means to confirm that the Petition was filed with the warden or on what date." Filing 59 at 4. However, the Government does not advance this argument any further or otherwise contend that the warden did not actually receive "Exhibit A" on April 25, 2023, as Murillo affirmatively states in his Motion. Instead, the Government "[a]ssum[es] without conceding that the current motion is properly before this Court" and then argues that "on the merits it should be denied." Filing 59 at 4.

The Eighth Circuit has explained that § 3582(c)(1)(A)'s exhaustion requirement "is a mandatory claim-processing rule." *Houck*, 2 F.4th at 1084. "As such, it must be enforced so long as the opposing party properly raises it." *Id.* Under these circumstances, the Court concludes that the Government has not "properly raised" such an argument. The Government's brief includes a total of one sentence alluding to the lack of a notary stamp or other confirmatory evidence before then transitioning to the merits of Murillo's Motion. Filing 59 at 4. The Government also expressly "[a]ssum[es] without conceding" that this Motion is properly before the Court. *Contra United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (noting that the government properly invoked the defendant's failure to comply with § 3582(c)(1)(A)'s exhaustion requirement where it "thoroughly brief[ed] the issue in the district court"). The Court will therefore address Murillo's Motion on the merits.

### B. Murillo's Motion Fails on the Merits

Murillo requests that the Court reduce his aggregate sentence of 20 years imprisonment to a term of 15 years instead. Filing 57 at 1, 6, 14, 16. He claims to be raising three grounds entitling him to this relief: "(1) rehabilitation; (2) new changes in the law; and (3) disparity in sentencing." Filing 57 at 1. Having considered each of the arguments he raises in his Motion, the Court concludes that Murillo has failed to demonstrate he is entitled to the relief he seeks.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) and provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

It is the prisoner's burden to establish an entitlement to compassionate release. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a [compassionate-release] motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant compassionate release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). Finally, the Eighth Circuit Court of Appeals has cautioned that "[t]he compassionate release

statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). With these considerations in mind, the Court will now explain why Murillo's Motion lacks merit.

The primary argument Murillo advances in his Motion is that the 60-month sentence he received on Count V should run concurrent, rather than consecutive, to the other terms of incarceration that were imposed. Filing 57 at 6. This contention is premised upon a misappreciation of the law. Murillo is correct that the First Step Act of 2018 revised 18 U.S.C. § 924(c)'s "stacking" provision such that a 25-year mandatory minimum sentence now only applies if the defendant's first § 924(c) conviction was in a separate case. *See United States Taylor*, 28 F.4th 929, 930 (8th Cir.) (per curiam), *cert. denied*, 143 S. Ct. 241, 214 L. Ed. 2d 102 (2022); *see also United States v. Berglund*, No. 21-3213, 2023 WL 1978867, at *1 (8th Cir. Feb. 14, 2023) (per curiam). However, Murillo's sentence is not implicated by this change in the law as evidenced by the fact he was not sentenced to a 25-year term of imprisonment in the first place. *See* Filing 54 at 2. Count III of the Indictment charged Murillo with possessing firearms on or about June 15, 2017, in furtherance of the drug trafficking crime alleged in Count II. Filing 20 at 2. Count V of the Indictment charged Murillo with possessing firearms on or about January 4, 2018, in furtherance of the drug trafficking crime alleged in Count IV. Therefore, because Counts III and V alleged wholly separate and distinct violations of § 924(c)(1)(A), Murillo was subject to 60-month mandatory minimum sentences on both Counts III and V. *See United States v. Jefferson*, 815 F. App'x 87, 88–89 (8th Cir. 2020) (noting that "§ 924(c) sets out a 'straightforward statutory command' that the 60-month mandatory sentence is to be imposed consecutively to 'any other

5

term of imprisonment.'") (citation omitted). The Court's sentence correctly accounted for this. Accordingly, Murillo's argument lacks all merit.[2]

Murillo separately argues that he is entitled to relief under 18 U.S.C. § 3582(c)(1)(A) based upon his rehabilitation since beginning his sentence and his claim that he will not pose a danger to the community because he will be deported following the conclusion of his imprisonment. *See* Filing 57 at 14–16. Murillo acknowledges that rehabilitation by itself does not qualify as an extraordinary or compelling reason upon which a Court may grant relief under § 3582(c)(1)(A). *See* Filing 57 at 14; *United States v. Fine*, 982 F.3d 1117, 1119 (8th Cir. 2020) ("The district court recognized correctly, however, that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)). However, he contends that his rehabilitative efforts, participation in programming, and lack of a disciplinary record while incarcerated are still relevant to the resolution of this matter. Filing 57 at 14–15.

Having reviewed the record in Murillo's case and after considering the arguments he raises in his Motion along with the factors set forth in 18 U.S.C. § 3553(a)[3], the Court concludes that Murillo has not met his burden to show he is entitled to relief under § 3582(c)(1)(A). *See Avalos Banderas*, 39 F.4th at 1062 ("the inmate bears the burden to establish that compassionate release

---

[2] Even if Murillo had been sentenced before this provision of the First Step Act took effect and he received a 25-year mandatory minimum sentence based upon his § 924(c) convictions, the Eighth Circuit has "conclude[d] that a non-retroactive change in law, whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir.), *cert. denied*, 142 S. Ct. 2781, (2022). Therefore, Murillo's Motion would fail anyway even if he had been sentenced to a 25-year mandatory minimum.

[3] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A)–(C), (6).

is warranted"). In particular, the Court finds that reducing Murillo's sentence at this stage would fail to reflect the serious nature his multiple convictions involving illegal drugs and the unlawful possession of firearms. *See* 18 U.S.C. § 3553(a)(2)(A). Accordingly, even if Murillo had demonstrated what could qualify as extraordinary and compelling circumstances that might warrant the relief he seeks, the Court would deny his Motion anyway because the § 3553(a) factors do not warrant such relief. The Court is also not persuaded by Defendant's argument that because he is subject to deportation means he should be released from prison early.

It is separately worth noting that Count VI carried a mandatory minimum of ten years imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii). As previously discussed, Counts III and V each carried 5-year mandatory minimum terms of imprisonment as well. *See* 18 U.S.C. § 924(c)(1)(A)(i). Thus, Defendant was subject to an aggregate mandatory minimum of 20-years imprisonment by operation of his guilty pleas.[4] Because the Court ordered that Counts II and IV were to run concurrent with Count VI, Murillo ultimately received the shortest possible aggregate prison term permitted by his plea agreement and applicable law. The fact that Murillo has served less than five years based on convictions that required him to serve a mandatory minimum term of 20 years imprisonment further counsels against granting a sentence reduction. *See United States v. Cruz*, No. 20-50008-03-JLV, 2023 WL 2214511, at *5 (D.S.D. Feb. 24, 2023) (reasoning that the defendant's sentence at the bottom of his guideline custody range and the fact he had only

---

[4] These statutory mandatory minimum sentence requirements remain in effect today. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (providing that an individual who possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine is subject to "a term of imprisonment which may not be less than 10 years"); 18 U.S.C. § 924(c)(1)(A)(i) (providing for a mandatory five-year term of imprisonment for persons who possess a firearm in furtherance of a drug trafficking crime that must be served "in addition to the punishment provided for such . . . drug trafficking crime"). Murillo acknowledged his understanding that these mandatory minimums would apply in both his plea agreement and his petition to enter a guilty plea. *See* Filing 46 at 6; Filing 47 at 3–4. Therefore, even if the Court were to sentence him on these same offenses now, Murillo would still be subject to these statutory mandatory minimum terms of incarceration that apply by virtue of his convictions on Counts III, V, and VI.

served a small portion of his sentence counsel against granting relief pursuant to 18 U.S.C. § 3582(c)(1)(A)).[5] For the foregoing reasons, the Court concludes that Murillo's Motion lacks merit and should be denied.

### III. CONCLUSION

Murillo has failed to show extraordinary and compelling reasons entitling him to relief under 18 U.S.C. § 3582(c)(1)(A). Accordingly,

IT IS ORDERED that Murillo's Motion for Reduction of Sentence, Filing 57, is denied.

Dated this 2nd day of January, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[5] Whether this Court could even grant Murillo the relief he seeks is questionable given that Murillo is requesting a sentence reduction below that allowed by the statutory mandatory minimums in his case. Aligning himself with the Seventh Circuit, another judge in this district recently expressed that he "harbors some 'broader concerns with allowing § 3582(c)(1)(A) to serve as the authority for relief from mandatory minimum sentences prescribed by Congress[.]'" *United States v. Leyva-Martinez*, No. 8:21CR232, 2023 WL 5956935, at *4 (D. Neb. Sept. 13, 2023) (quoting *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021)). Ultimately it is unnecessary to resolve this question because even if it had the power to grant Murillo the full manner of relief he seeks, the Court would not do so for the reasons explained above in the body of this Order.